# DELBELLO DONNELLAN WEINGARTEN
# WISE & WIEDERKEHR, LLP

COUNSELLORS AT LAW

THE GATEWAY BUILDING
ONE NORTH LEXINGTON AVENUE
WHITE PLAINS, NEW YORK 10601

(914) 681-0200
FACSIMILE (914) 684-0288

**Connecticut Office**
1111 SUMMER STREET
STAMFORD, CT 06905
(203) 219-9896

DAWN KIRBY, ESQ.
PARTNER

DKIRBY@DDW-LAW.COM
DIRECT: (914) 607-3145

September 21, 2018

Honorable Valerie E. Caproni
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

     RE:   *In re Wall Street Languages Ltd.*
            S.D.N.Y. Chapter 11 Case No. 18-11581 (shl)

            Elizabeth Lambacker v. Wall Street Languages d/b/a Rennert International
            S.D.N.Y. Case No. 18-CV-7940 (vec)

Dear Judge Caproni:

     This office represents Wall Street Languages, Ltd. (the "Debtor") in its chapter 11 bankruptcy case voluntarily filed on May 24, 2018 (the "Petition Date"). The Honorable Sean H. Lane is presiding over the chapter 11 case. A copy of the case docket is enclosed for your reference.

     On August 30, 2018, Elizabeth Lambacker commenced the above-referenced action against the Debtor (the "Civil Action"), which was assigned to Your Honor. The Complaint (¶ 37) alleges that on April 10, 2018, Ms. Lambacker took medical leave of absence from the Debtor based upon alleged circumstances occurring prior thereto, which form the basis for her alleged claims.

     The pre-petition claims alleged in the Civil Action fall squarely within automatic stay provisions of 11 U.S.C. §362(a)(1), which states, in relevant part:

(a) …a petition filed under section 301 [voluntary petition]… of this title… operates as a stay, applicable to all entities, of –

    (1) The commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

Accordingly, the Civil Action was commenced in violation of the automatic sty.

Any action taken in violation of the automatic stay is void *ab initio*, effectively a nullity. See, *In re Heating Oil Partners LP* (*Church Mutual Ins. Co. v. American Home Ins. Co.*), 422 Fed. Appx. 15, 18 (2d Cir. 2011), citing *In re Marine Pollution Serv. Inc.*, 99 B.R. 210, 217 (Bankr. S.D.N.Y. 1989)(Blackshear, J.)("[A]ctions taken in violation of the stay are void even where there is no actual notice of the existence of the stay."); See also, *In re Braught*, 307 B.R. 399 (Bankr. S.D.N.Y. 2004) (Morris, C.J.) ("Judicial actions taken against a debtor are void *ab initio*, absent a relief from the automatic stay, citing *In re Best Payphones, Inc.*, 279 B.R. 92, 97-98 (Bankr. S.D.N.Y. 2002)(Bernstein, C.J.)(any proceedings or actions described in § 362 (a)(1) are void and without vitality if they occur after the automatic stay takes effect)).

I attempted to amicably resolve this stay violation with Ms. Lambacker's counsel by providing proof of the bankruptcy and requesting withdrawal of the Civil Action. My first email was ignored, my second email was ignored, my first phone call was ignored. My third email was responded to. I was told counsel is "not authorized to speak about the bankruptcy matter." I made a fourth attempt by email, further explaining the implications of the automatic stay and reiterating I would like to resolve the matter amicably. I copied the firm's managing partner. Counsel responded that the action would not be withdrawn, but she would notify your Honor of the bankruptcy case. A copy of the email exchange is enclosed.

The Debtor asserts that the Civil Action was commenced in violation of the automatic stay and thus is void *ab initio*, as if it were a nullity. As such, it should not be simply stayed or adjourned. Rather, the matter should be voluntarily withdrawn by the Plaintiff. While Plaintiff's initial violation of the automatic stay may have been an innocent one, Plaintiff's insistence on maintaining the Civil Action in any form constitutes a willful violation of the automatic stay. The Debtor reserves all rights to address in the Bankruptcy Court any damages stemming therefrom.

In light of the foregoing, the Debtor requests it be excused from appearing at the initial pretrial conference currently scheduled on **October 5, 2018 at 10:00 a.m.** If Your Honor wishes an appearance, I respectfully request an alternate appearance date, as I will be away on vacation on that day.

Respectfully submitted,

Dawn Kirby

DK/
Encl.

cc: Honorable Sean H. Lane (via ECF)